UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK J. JONES,            ) 5:11CV1319
                                       )
          Petitioner     ) JUDGE JACK ZOUHARY
                                       ) (Magistrate Judge Kenneth S. McHargh)
       v.                   )
                                       )
TIMOTHY MILLIGAN,     )
         Warden       )
                                       )
       Respondent   ) REPORT AND RECOMMENDED
                                       ) <u>DECISION OF MAGISTRATE JUDGE</u>

McHARGH, MAG. J.

     The petitioner Mark J. Jones ("Jones") has filed a petition pro se for a writ of

habeas corpus, under 28 U.S.C. § 2254, regarding his 2008 convictions for domestic

violence and aggravated burglary in the Summit County (Ohio) Court of Common

Pleas.  (Doc. 1.)  In his petition, Jones sets forth four grounds for relief:

     1.  The defendant's convictions were against the manifest weight of the
     evidence.

     2. The trial court erred in overruling the defendant's motion for
     acquittal as there was insufficient evidence to convict him of the
     charges in this case.

     3.  The trial court erred in allowing hearsay testimony.

     4.  The trial court erred by sending the jail phone calls to the jury room
     with the jury during deliberations.

(Doc. 1.)

     The respondent filed a Return of Writ (doc. 6), and Jones has filed a Traverse

(doc. 9).  Jones has also filed an addendum to his Traverse.  (Doc. 11, 12.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

> At approximately 11:00 p.m. on June 25, 2008, Jones went to the home
> of Pristina Sims, the mother of his two children, to question her about
> how she spent $10 he had given her earlier that day.  After knocking
> loudly, Jones kicked in Sims' front door and went upstairs looking for
> her.  A relative who was sleeping over that night called 911 once she
> awoke to the door being kicked open and saw a man come in the house.
> While there was contradictory testimony as to what occurred next,
> Sims sustained injuries to her right arm and upper body while she and
> Jones were upstairs in her bedroom.  Police arrived and, based on their
> findings, called for an ambulance to evaluate Sims' injuries.
>
> Based on the foregoing events, Jones was indicted on the following
> offenses: one count of aggravated burglary in violation of R.C.
> 2911.11(A)(1), a first-degree felony; one count of domestic violence in
> violation of R.C. 2919.25(A), a first-degree misdemeanor; one count of
> domestic violence in violation of R.C. 2919.25(C), a fourth-degree
> misdemeanor; and one count of obstruction of official business, in
> violation of R.C. 2921.31(A), a second-degree misdemeanor. Following
> a jury trial, he was found guilty on all counts.  Jones was sentenced to
> five years in prison for his aggravated burglary conviction and jail time
> on the remaining counts.  Jones timely appealed his convictions, but
> failed to pay a deposit or seek a waiver of the deposit, so this Court
> dismissed his appeal.
>
> Jones filed an application for reopening under App.R. 26(B), arguing
> ineffective assistance of appellate counsel based on the dismissal of his
> direct appeal.  On July 10, 2009, this Court granted his application for
> reopening.  Jones assert[ed] six assignments of error for our review.

(Doc. 6, RX 14, at 1-2; State v. Jones, No. 24469, 2010 WL 816498, at *1 (Ohio Ct.

App. Mar. 10, 2010).

The six assignments of error that Jones raised in his application were:

1.  The defendant's convictions were against the manifest weight of the
evidence.

> 2.  The trial court erred in overruling the defendant's motions for acquittal as there was insufficient evidence to convict him of the charges in this case.
>
> 3.  The trial court erred in allowing hearsay testimony.
>
> 4.  The trial court abused its discretion in sentencing; unconstitutional sentencing.
>
> 5.  The trial court erred by sending the jail phone calls to the jury room with the jury deliberations.
>
> 6.  The defendant was denied his Sixth Amendment right to effective assistance of counsel.

(Doc. 6, RX 11.)  On March 10, 2010, the court of appeals considered his claims on the merits, and affirmed his conviction.  (Doc. 6, RX 14; Jones, 2010 WL 816498.)

Jones appealed to the Supreme Court of Ohio, raising the following four propositions of law:

> 1.  Did the ninth district court of appeals err in affirming Appellant's conviction against the manifest weight of the evidence in this case?
>
> 2.  Did the ninth district court of appeals decision violate appellant's constitutional right to due process by affirming the trial court's denial of appellant's motion for acquittal R.29 as there was Insufficient evidence to convict appellant of the charges?
>
> 3.  Did the decision of the ninth district court of appeals violate Appellant's Constitutional Rights against the hearsay Rule 801, 902, 804?
>
> 4.  Did the ninth district court of appeals decision deny Appellant's Right to effective assistance of counsel at trial?

(Doc. 6, RX 24.)  On June 9, 2010, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 6, RX 25; State v. Jones, 125 Ohio St.3d 1450, 927 N.E.2d 1129 (2010).

On June 10, 2010, Jones filed pro se another application for reopening under

Rule 26(B), asserting, verbatim:

> . . . Appellate Counsel failed to raise on direct appeal his trial counsel
> rendered Ineffective Assistance by failing to raise on direct appeal the
> trial court's abuse of discretion when defendant's trial Judge allowed
> hearsay testimony during defendant's Trial.  Defendant further states
> his Trial counsel was Ineffective by failing to raise defendant was
> prejudiced by his trial Judge Improper Jury Instructions at trial.

(Doc. 6, RX 17.)  The state opposed the application on the basis that the application

was insufficient because Jones had failed to include a sworn statement concerning

the basis of his claims.  (Doc. 6, RX 18.)  The court denied this application to reopen

on July 14, 2010.  (Doc. 6, RX 20.)

Jones also appealed this decision to the Supreme Court of Ohio, raising the

following three propositions of law, verbatim:

> 1.  Did the eighth [sic] district court of appeals err in failing to grant
> defendant's claim of Ineffective assistance of Appellate Counsel's
> failure to raise on direct appeal, trial court's abuse of discretion to
> allow hearsay Testimony of Hearsay Rule 801(C)?
>
> 2.  Did the ninth District Court of appeals violate Appellant's
> Constitutional right on 26(B) by failing to grant defendant's claim of
> Ineffective assistance of counsel's failure to raise on appeal trial
> counsel's failure to object to defendant not being present during trial
> court's communication with his Jury?
>
> 3.  Does the Sixth Amendment of the United States Constitution due
> process and Equal Protection Laws Protect defendant's right to have
> questions answered by the court of appeals in assignment of error?
> Does the court of appeals violate defendant's Constitutional right to
> due process by failing to address/or answer defendant's assignment of
> error?

(Doc. 6, RX 28.)  On Oct. 7, 2010, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 6, RX 29; State v. Jones, 126 Ohio St.3d 1619, 935 N.E.2d 856 (2010).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Jones has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Jones allege violations of Ohio law. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of state law or the Ohio Constitution is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III.  FIRST TWO GROUNDS

The first two grounds of the petition are:

1.  The defendant's convictions were against the manifest weight of the evidence.

2. The trial court erred in overruling the defendant's motion for acquittal as there was insufficient evidence to convict him of the charges in this case.

(Doc. 1, § 12.)  On appeal, Jones raised these issues as separate assignments of error:  the manifest weight of the evidence as his first assignment of error, and sufficiency of the evidence as his second assignment of error.  (Doc. 6, RX 11.)

The state court of appeals considered his two separate assignments of error together.  The state court, utilizing a hybrid type of review which is in common use in the Ninth District, rejected his claims.  (Doc. 6, RX 14. at 2-13; State v. Jones, No. 24469, 2010 WL 816498 (Ohio Ct. App. Mar. 10, 2010).)

The Supreme Court of Ohio has stated that:  "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."  State v. Thompkins, 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (1997).  Whether the evidence is legally sufficient to sustain a verdict is a question of law.  Id.  A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."  Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d at 546.  When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  See Tibbs v. Florida, 457 U.S. 31, 42 (1982).  Thompkins was intended

to signal Ohio appellate courts "that it is improper to apply the same standard of review for questions involving the weight and sufficiency of evidence." Thompkins, 78 Ohio St.3d at 390, 678 N.E.2d at 549 (Cook, J., concurring).

Despite the admonition of Thompkins, the Ohio Court of Appeals for the Ninth District conflates the review of these two "quantitatively and qualitatively different" legal concepts.  An oft-cited case provides the type of review applied in that district:

> Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency.  Thus, a determination that [the defendant]'s conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.  In that regard, we will first look to see if [the defendant]'s conviction is supported by the weight of the evidence.

State v. Roberts, No. 96CA006462, 1997 WL 600669, at *2 (Ohio Ct. App. Sept. 17, 1997).  In fact, this was the standard used by the court of appeals in this case:  "we address Jones' challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency."  (Doc. 6, RX 14, at 4; Jones, 2010 WL 816498, at *2.)

After a discussion of the conflicting evidence produced at trial, the court stated:  ". . . we  cannot conclude that the jury lost its way in convicting Jones of aggravated burglary, domestic violence, and obstruction of official business."  (Doc. 6, RX 14, at 12; Jones, 2010 WL 816498, at *8.)  The court concluded:  "This Court's determination that the jury verdict is not against the manifest weight of the evidence necessarily includes a determination that the evidence is also sufficient to support Jones' convictions.  Roberts, supra, at *2."  (Doc. 6, RX 14, at 13; Jones, 2010 WL 816498, at *8.)

This type of analysis would appear to be in conflict with the state high court's guidance "that it is improper to apply the same standard of review for questions involving the weight and sufficiency of evidence." Thompkins, 78 Ohio St.3d at 390, 678 N.E.2d at 549 (Cook, J., concurring).

There are double jeopardy concerns, not raised in this case, which argue against this type of review.  For example, the U.S. Supreme Court has found that a reversal based on the weight of the evidence does not preclude retrial on double jeopardy principles.  Tibbs, 457 U.S. at 43-44.  A reversal based on the insufficiency of the evidence, on the other hand, absolutely shields the defendant from retrial.  Id. at 41.

In any event, this court does not rule on the basis of whether the Ohio state courts have applied state law correctly, or consistently.  Rather, the question before this habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.

### A.  Manifest Weight of the Evidence

The respondent contends that the manifest weight of the evidence claim is not cognizable in habeas.  (Doc. 6, at 18-19.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d at 546. In other words, the "weight of the evidence" indicates the "persuasiveness of some

evidence in comparison with other evidence."  Black's Law Dictionary (9th ed. 2009).  When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  Tibbs, 457 U.S. at 42.  In the federal habeas context, this is outside the proper role of the habeas court.  The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses.  United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, a claim that Jones's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence.  Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases).  The petition should not be granted on the first ground on the basis  of the manifest weight of the evidence.


## B.  Sufficiency of the Evidence

The respondent argues that the state court did not unreasonably apply clearly established federal law when it rejected Jones' sufficiency of the evidence claim.  (Doc. 6, at 19-27.)

Under U.S. Supreme Court precedent, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.

307, 319 (1979); Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990).

The state court did not apply the Jackson v. Virginia sufficiency of the evidence standard, but rather examined the claims under a manifest weight of the evidence standard, stating that an appellate court:

> "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009.

(Doc. 6, RX 14, at 4; Jones, 2010 WL 816498, at *2.)

A review based on a manifest weight of the evidence standard, which concerns the inclination of the greater amount of evidence to support one side of an issue rather than another, Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d at 546, is not "necessarily" dispositive of whether that same evidence satisfied the state's burden on the essential elements of the crime as a matter of law.  See generally Jackson, 443 U.S. at 319.  Under the standard applied by the state court, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson, 443 U.S. at 319, is not necessarily addressed.

Thus, because Jackson was not applied by the state court, this court must determine whether the state court's decision was contrary to U.S. Supreme Court precedent.  A state court decision is "contrary to" clearly established Supreme Court precedent if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent." Price, 538 U.S. at 640 (quoting Williams, 529 U.S. at 405-406).

Under Jackson, the habeas court does not make its own subjective determination of guilt or innocence. Russell v. Anderson, No. 1:07CV3434, 2008 WL 4534144, at *3 (N.D. Ohio Oct. 6, 2008) (citing Herrera v. Collins, 506 U.S. 390, 402 (1993)); Talley v. Hageman, 619 F.Supp.2d 407, 416 (N.D. Ohio 2008) (citing Herrera). This court does not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury. White v. Steele, 602 F.3d 707, 710 (6th Cir. 2009), cert. denied, 131 S.Ct. 130 (2010) (quoting Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009)); Dover v. Warden, Belmont Corr. Inst., No. 5:08CV2130, 2009 WL 1940728, at *14 (N.D. Ohio July 2, 2009). The Supreme Court recently emphasized that "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial." Cavazos v. Smith, 132 S.Ct. 2, 4 (2011) (per curiam).

The Supreme Court stressed that Jackson "unambiguously instructs that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Cavazos, 132 S.Ct. at 6 (quoting Jackson, 443 U.S. at 326).

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Sanford

v. Yukins, 288 F.3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002) (quoting

Jackson, 443 U.S. at 324 n.16).  Thus, the federal court must look to state law to

determine the elements of the crime.  Cameron, 348 F.Supp.2d at 838-839 (quoting

Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999), cert. denied, 528 U.S.

1170 (2000)).  Although in a different context, the state court of appeals did provide

the elements of the crimes charged:

> Jones was convicted of aggravated burglary under [Ohio Rev. Code §]
> 2911.11(A)(1), which states that:
>
> "No person, by force, stealth, or deception, shall trespass in an
> occupied structure or in a separately secured or separately occupied
> portion of an occupied structure, when another person other than an
> accomplice of the offender is present, with purpose to commit in the
> structure or in the separately secured or separately occupied portion of
> the structure any criminal offense, * * * [while] [t]he offender inflicts,
> or attempts or threatens to inflict physical harm on another[.]"
>
> Jones' misdemeanor domestic violence convictions were for violations
> of R.C. 2919.25(A) and (C), which make it a criminal offense to
> "knowingly cause or attempt to cause physical harm to a family or
> household member" and to "knowingly cause a family or household
> member to believe that the offender will cause imminent physical
> harm to the family or household member" by threat of force. A "family
> or household member" includes "[t]he natural parent of any child of
> whom the offender is the other natural parent[.]"  R.C.
> 2919.25(F)(1)(b).  Jones was also convicted of obstruction of official
> business, in violation of R.C. 2921.31(A), which prohibits any person
> "without privilege to do so and with purpose to prevent, obstruct, or
> delay the performance by a public official of any authorized act within
> the public official's official capacity, [from] do[ing] any act that
> hampers or impedes a public official in the performance of the public
> official's lawful duties."

(Doc. 6, RX 14, at 4-5; Jones, 2010 WL 816498, at *3.)

On appeal, Jones argued that the state "failed to prove the essential elements

necessary for aggravated burglary, which require proof of trespass in an occupied

structure without authority, consent or privilege to do so."  (Doc. 6, RX 11, at 14.)
Jones claimed that there was testimony that he did have authority, consent and
privilege to enter the home.  Id.

Jones also contended that the state "failed to prove the essential elements of
both counts of domestic violence," because there was no evidence of physical harm,
and the state failed to prove that Jones "knowingly caused or attempted to cause
physical harm" to Sims, because there was no evidence of this.  (Doc. 6, RX 11, at
14-15; see also doc. 9, at 13.)

In reviewing a sufficiency of the evidence claim, the question is whether,
after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Cavazos, 132 S.Ct. at 6; Jackson, 443 U.S. at 319; Bagby , 894
F.2d at 794.  On habeas review, "the Jackson v. Virginia standard is so demanding
that '[a] defendant who challenges the sufficiency of the evidence to sustain his
conviction faces a nearly insurmountable hurdle.'"  Davis v. Lafler, 658 F.3d 525,
534 (6th Cir. 2011) (en banc), cert. denied, — S.Ct. —  (Apr. 16, 2012) (quoting
United States v. Oros, 578 F.3d 703, 710 (7th Cir. 2009)).

Although there was conflicting testimony on the issues raised here by Jones,
the court of appeals found that "the evidence revealed that Jones kicked in the front
door to Sims' house and proceeded to her bedroom, where he then hit her several
times, injuring her arm and upper body."  (Doc. 6, RX 14, at 12; Jones, 2010 WL
816498, at *8.)  The court recited eyewitness testimony that Jones kicked in the
door to the residence, which could support a jury finding that Jones did not have

consent or privilege to enter.  (Doc. 6, RX 14, at 5; Jones, 2010 WL 816498, at *3.)
The court also recited testimony that the victim told the responding police officer
that she wanted medical attention for her injured arm, which resulted from Jones
repeatedly punching her.  (Doc. 6, RX 14, at 8-9; Jones, 2010 WL 816498, at *3.)
This could support a jury finding that Jones knowingly caused physical harm to
Sims.

The court also noted that the only witness presented by the defense at trial
was the domestic violence victim[1], Sims, the mother of two children by Jones.  (Doc.
6, RX 14, at 6, 10; Jones, 2010 WL 816498, at *6.)  Sims contradicted some of the
other testimony at trial.  For example, the court recited that "Sims denied receiving
any examination or treatment from paramedics at the scene," in contradiction to the
paramedic's testimony that he examined her arm based on her complaints of pain.
(Doc. 6, RX 14, at 9, 11; Jones, 2010 WL 816498, at *6-*7.)  The paramedic was on
the scene, according to police testimony, because Sims had requested medical
attention for her arm, and the police called an ambulance.  (Doc. 6, RX 14, at 8;
Jones, 2010 WL 816498, at *5.)  It is the proper role of the jury, not this court, to
decide what conclusions should be drawn from the evidence admitted at trial.
Cavazos, 132 S.Ct. at 4; Nali v. Phillips, 630 F.Supp.2d 807, 816 (E.D. Mich. 2009).

---

[1]  Federal courts have noted that victims of domestic violence often recant
their stories at trial.  United States v. Robinson, No. 10-11527, 2011 WL 2079705,
at *6 (11th Cir. May 25, 2011); United States v. Morgan, No. 02-16595, 2003 WL
23095764, at *1 (9th Cir. Dec. 24, 2003).  The jury may have discounted her
testimony.

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of trespass and physical harm beyond a reasonable doubt.  Jones has failed to establish that the state court ruling was contrary to clearly established federal law, as established by the U.S. Supreme Court.

## IV.  HEARSAY TESTIMONY

The third ground of the petition is the trial court erred in allowing hearsay testimony.  The respondent argues that a claim based on a state court ruling regarding the admissibility of evidence is generally not a cognizable habeas claim. The respondent contends that an evidentiary issue does not merit habeas relief "unless an error exists that is prejudicial to such a degree that it deprives the defendant of a fundamentally fair trial and thereby violates due process."  (Doc. 6, at 28, citing Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1983).)  The respondent argues that the state court's adjudication of the harmless error issue was "objectively reasonable" under Harrington v. Richter, 131 S.Ct. 770 (2011), because fair-minded jurists could disagree on the state court's decision.  (Doc. 6, at 33.)

On appeal, Jones argued that the admission of hearsay testimony, over objection, was improper and error under the Ohio Rules of Evidence.  (Doc. 6, RX 11, at 15-17.)  Jones did not argue a federal constitutional violation.  Id.

The state court of appeals recognized that the improper admission of hearsay statements can violate a defendant's Sixth Amendment confrontation rights:

The improper admission of hearsay statements can violate a
defendant's Sixth Amendment right to confront the witnesses against
him, where the original declarant of the offered statement is not
subject to cross-examination by the defendant.  See State v. Madrigal
(2000), 87 Ohio St.3d 378, 384-85, 721 N.E.2d 52.  Should hearsay
statements be admitted improperly, however, such error does not
necessarily require reversal of the outcome of the trial if it was
harmless.  See Arizona v. Fulminante (1991), 499 U.S. 279, 306-09,
111 S.Ct. 1246, 113 L.Ed.2d 302. Crim.R. 52(A) describes a harmless
error as one "which does not affect substantial rights [and therefore]
shall be disregarded."  In order to find harmless error in a criminal
matter, a reviewing court must find that the error was harmless
beyond a reasonable doubt.  Chapman v. California (1967), 386 U.S.
18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705.  "When determining whether the
admission of evidence is harmless * * * this Court must find 'there is
no reasonable probability that the evidence may have contributed to
the defendant's conviction.'"  State v. Walker, 9th Dist. No.
06CA0006-M, 2006-Ohio-5479, at ¶ 25, quoting State v. Hardin (Dec.
5, 2001), 9th Dist. No. 3203-M, at *3, citing State v. DeMarco (1987),
31 Ohio St.3d 191, 195, 509 N.E.2d 1256.

(Doc. 6, RX 14, at 19-20; Jones, 2010 WL 816498, at *12.)  Applying this standard,

the court went on to address Jones' assignment of error:

At trial, Officer Winebrenner testified to several statements Sims
made to him upon his arrival at her house.  The trial court sustained
Jones' objection to Officer Winebrenner's testimony that "[Sims] did
say [Jones] ha[d] beaten her in the past" but permitted the balance of
his statement "that [Sims] is not going to take it anymore."  Even if the
trial court erred by admitting the balance of Officer Winebrenner's
statement, we conclude any such error was harmless.

Based on the evidence adduced at trial and recounted in Jones'
manifest weight challenge, we reject Jones' assertion that, but for the
admission of this portion of Office Winebrenner's testimony, the result
of his trial would have been different.  Additionally, we note that,
while Sims was not subject to cross-examination based on the State's
decision not to call her in its case-in-chief, Jones called Sims as a
witness in his defense.  Consequently, Jones was afforded the
opportunity to question Sims about her statement to Office
Winebrenner in order to permit the jury to hear her version of the
conversation.  See, e.g., Swaby at ¶ 8 (concluding the admission of an
officer's testimony about wife's statements to him was harmless error

where wife did not testify for the prosecution, but was called by husband to testify in his defense).

Jones also complains that the trial court erred in admitting portions of calls he made to Sims from jail because the calls constituted hearsay. Moreover, Jones alleges it was error to admit such hearsay testimony through Officer Winebrenner when Sims was available to testify at trial. Even assuming the trial court erred in admitting portions of Sims' conversations with Jones, in light of all the other evidence reviewed in connection with his manifest weight challenge, any alleged error was harmless.

(Doc. 6, RX 14, at 20-21; Jones, 2010 WL 816498, at *12-*13.)

Jones contests the court's finding that Winebrenner's testimony concerning Sims' statement was harmless. (Doc. 9, memorandum in support, at 18-19; doc. 11, addendum, at 3-7.) Jones argues that the police officer's testimony regarding Sims' statements was "inherently contrary to [her] own [trial] testimony," in which she denied making the contested statements, and denied that she was assaulted by Jones. (Doc. 11, addendum, at 6.) Jones claims that this testimony was introduced solely to bolster the state's case at trial. Id. at 7.

Jones does not clearly address the hearsay status (or not) of the phone call evidence sent to the jury room. See generally doc. 9, memorandum in support, at 19; doc. 11, addendum.)

Even if the court were to find a Sixth Amendment violation, that error would be subject to a harmless error analysis. Jensen v. Romanowski, 590 F.3d 373, 379 (6th Cir. 2009); Vasquez v. Jones, 496 F.3d 564, 574 (6th Cir. 2007). The Supreme Court has reaffirmed that a federal habeas court must assess the prejudicial impact of constitutional error under the "substantial and injurious effect" standard set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). Fry v. Pliler, 551 U.S. 112

(2007); see also Peterson v. Warren, No. 07-1405, 2009 WL 383730 (6th Cir. Feb. 17, 2009); Vasquez, 496 F.3d at 575.  The Brecht standard will apply in "virtually all" habeas cases.  Id.

The state court of appeals properly cited Chapman v. California, 386 U.S. 18 (1967), in which the Supreme Court held "that a constitutional error can be considered harmless only if a court is 'able to declare a belief that it was harmless beyond a reasonable doubt.'"  Fry, 551 U.S. at 116 (quoting Chapman, 386 U.S. at 24).  However, Fry clarified that the Chapman standard is limited to cases on direct review, and that Brecht's "more forgiving" standard governs on habeas review.  Id.

Under Brecht, the petitioner has to establish that the trial error had a "substantial and injurious effect or influence in determining the jury's verdict," in order to obtain habeas relief.  Brecht, 507 U.S. at 637-638.  To meet this standard, there must be more than the "reasonable possibility" that the error contributed to the jury's verdict.  Mitzel v. Tate, 267 F.3d 524, 534 (6th Cir. 2001), cert. denied, 535 U.S. 966 (2002) (citing Brecht, 507 U.S. at 637).

There are a number of factors a court may consider in analyzing whether a Confrontation Clause error was harmless or not:

> These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986); Jensen, 590 F.3d at 379; Stallings v. Bobby, 464 F.3d 576, 582 (6th Cir. 2006).  After considering these

factors, the court concludes that even if there had been constitutional error as to hearsay testimony, it did not have  a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637-638.

Jones has not shown that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-787.  Because Jones has not established that the state court decision involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court, the petition should not be granted on the basis of the third ground.


## V.  EVIDENCE IN JURY ROOM

The fourth ground of the petition is that the trial court erred by sending audio recordings of jail phone calls admitted into evidence to the jury room during deliberations.  The respondent contends that this claim is defaulted because Jones failed to present the claim to the Supreme Court of Ohio.  (Doc. 6, at 33-34.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S.

838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

Jones presented this claim to the state court of appeals.  (Doc. 6, RX 11.) However, as noted by the respondent, Jones did not pursue the claim any further, and did not present it to the state high court.  See generally doc. 6, RX 24.

Jones has failed to properly exhaust this claim by giving the state high court a full and fair opportunity to rule on his constitutional claim.  Rust, 17 F.3d at 160, (citing Manning, 912 F.2d at 881).  Jones cannot return to state court to exhaust the claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).

The petition should not be granted on the basis of the fourth ground because Jones did not give the state high court a full and fair opportunity to rule on his claim.  Rust, 17 F.3d at 160.

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.

The petition should not be granted on the first ground on the basis  of the manifest weight of the evidence because that claim is not cognizable for federal habeas relief.  Concerning the second ground, Jones failed to establish that the state court ruling on the sufficiency of the evidence claim was contrary to clearly established federal law, as established by the U.S. Supreme Court in Jackson v. Virginia and related cases.

As to the third ground (hearsay), Jones has not established that the state court decision involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the fourth ground because Jones did not give the state high court a full and fair opportunity to rule on his claim.  Rust, 17 F.3d at 160.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   May 4, 2012                           /s/ Kenneth S. McHargh
                                        Kenneth S. McHargh
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).