IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark J. Jones,                                    Case No. 5:11 CV 1319

                            Petitioner,           MEMORANDUM OPINION
                                                  AND ORDER
            -vs-
                                                  JUDGE JACK ZOUHARY
Timothy Milligan, Warden,

                            Respondent.

## INTRODUCTION

*Pro se* Petitioner Mark Jones filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

(Doc. 1).  The case was referred to the Magistrate Judge, whose Report and Recommendation (R&R)

recommended this Court dismiss the Petition (Doc. 13).  Petitioner timely objected (Doc. 16).  In

accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) &

(C), this Court has reviewed the Magistrate's conclusions *de novo*.  For reasons that follow, this Court

affirms.

## BACKGROUND

Petitioner initially objects to the R&R's reliance on "unsubstantiated facts flowing from

outside the record" (Doc. 16 at 4).  The R&R relies exclusively on the record established by the Ohio

Court of Appeals, and Petitioner offers no alternative explanation or evidence to refute that record.

Findings of fact by state courts are presumed to be correct and "[f]ederal courts are not forums in

which to relitigate state trials." *Autry v. Estelle*, 464 U.S. 1, 3 (1983).  Finding no other objections

to the procedural history and facts as set forth in the R&R (Doc. 13 at 2–5), this Court incorporates

them by reference and briefly sets them forth below.

\*   \*   \*

After an altercation with the mother of his children, Petitioner was convicted on four counts: aggravated burglary, obstruction of official business, and two counts of domestic violence.  After his appeal was denied, Petitioner sought post-conviction relief on numerous grounds, from both the Ohio appellate and supreme court.  These motions were denied, and after a second unsuccessful attempt at post-conviction relief, this Petition was filed.  Petitioner alleges:

- his conviction was against the manifest weight of the evidence;
- the trial court erred in overruling his motion for acquittal because there was insufficient evidence to convict him of the charges;
- the trial court erred in allowing hearsay testimony; and
- the trial court erred by sending audio recordings of jail phone calls admitted into evidence to the jury room.

## ANALYSIS

The Magistrate properly evaluated Petitioner's claims under 28 U.S.C. § 2254, which provides that a federal court may only issue a writ if the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).  Applying that standard, the Magistrate  recommended the dismissal of Petitioner's claims.

First, the Magistrate correctly determined that whether a conviction is against the manifest weight of the evidence is a state law issue, outside the scope of habeas review.  *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 838 (E.D. Mich. 2004) (citing cases).  Second, relying on Supreme Court precedent, the Magistrate found sufficient evidence was presented at trial such that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Doc. 13 at 11).  Third, the Magistrate recommended dismissing Petitioner's hearsay claim because it was not raised under the Sixth Amendment, making federal habeas review unavailable (Doc. 13 at 18).  Even if properly brought, that claim requires Petitioner to show a "substantial and injurious effect or

2

influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993), which, as the Magistrate noted, Petitioner fails to do (Doc. 13 at 20).  Fourth, the Magistrate correctly found Petitioner's claim that the recordings were improperly sent to the jury room was procedurally defaulted (Doc. 13 at 20–21).

Petitioner's remaining objections to the R&R are twofold.  First, because the state court applied an incorrect standard to his sufficiency claim, it was error for the Magistrate to presume its findings of fact were correct; thus violating due process under the Fourteenth Amendment.  Second, the hearsay testimony was "substantial and injurious" and therefore cognizable under *Brecht*.  Neither of these objections is well-taken.

As to the first objection, the Magistrate recognized that the appellate court improperly combined Petitioner's weight and sufficiency of the evidence claims (Doc. 13 at 8–9), a method rejected by the Ohio Supreme Court.  *See State v. Thompkins*, 78 Ohio St. 3d 380 (1997).  The reason these claims must be evaluated separately is that double jeopardy only applies to reversals based on sufficiency, not weight.  *Tibbs v. Florida*, 457 U.S. 31, 43–44 (1982).  However, double jeopardy is not at issue in this case since the appellate court affirmed the jury verdict.  Of course, Petitioner cannot be twice put in jeopardy without first being subjected to a subsequent trial.  Furthermore, whether or not the appellate court applied the correct standard to the facts has no bearing on whether that court's factual findings are presumed correct under 28 U.S.C.§ 2254(e).

Petitioner's second objection also fails.  In truth, this objection really adds nothing to Petitioner's third ground for relief, which the R&R correctly analyzed under *Brecht* (Doc. 13 at 19–20).  This Court adopts that conclusion.  Petitioner has not shown the appellate court's decision conflicted with, or was an unreasonable application of, clearly established federal law.

3

### CONCLUSION

For the forgoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, there is no basis on which to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253.

IT IS SO ORDERED.

　　　s/ *Jack Zouhary*　　　
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 13, 2012

4